Clarisse C. Petersen (SBN 260806)
Eric T. Angel (SBN 293157)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Telephone:   (949) 885-1360
Facsimile:   (949) 885-1380
Email:        clarisse.petersen@jacksonlewis.com
              eric.angel@jacksonlewis.com

Attorneys for Defendant
HUBBELL LIGHTING, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| KENNETH WALKER, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HUBBELL LIGHTING, INC., a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | **CASE NO.:**  5:20-cv-2278<br><br>**DEFENDANT HUBBELL LIGHTING, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO  28 U.S.C. SECTIONS 1332 AND 1441(b)**<br><br>(Filed concurrently with Supporting Declarations, Notice of Interested Parties, Notice of Filing of Answer in State Court, and Civil Case Cover Sheet) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF KENNETH WALKER, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant HUBBELL LIGHTING, INC. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) to remove this action from the Superior Court of California for the County of San Bernardino on the grounds of diversity jurisdiction.  In support thereof, Defendant asserts the following:

///

///

| | |
|---|---|
| Case No.:   5:20-cv-2278 | DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(b) |

DIVERSITY JURISDICTION

1.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441.  This case may be removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and, as Plaintiff has admitted in his Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**TIMELINESS OF REMOVAL**

2.      On August 31, 2020, Plaintiff KENNETH WALKER ("Plaintiff") filed a Complaint against Defendant in San Bernardino County Superior Court, Case No. CIVDS2017789. A true and correct copy of the Summons and Complaint is attached as **Exhibit A** to the Declaration of Clarisse C. Petersen ("Petersen Decl.") filed concurrently herewith.

3.      In the Complaint, Plaintiff asserts the following ten (10) causes of action: (1) discrimination in violation of Government Code section 12940; (2) age discrimination in violation of Government Code section 12940(m); (3) failure to accommodate in violation of Government Code section 12940(m); (4) failure to engage in the interactive process in violation of Government Code section 12940(m); (5) failure to prevent discrimination in violation of Government Code section 12940(k); (6) retaliation in violation of Government Code section 12940(h); (7) wrongful termination; (8) failure to provide employment records in violation of California Labor Code section 1198.5, et al.;  (9) failure to pay overtime and wages; and (10) violation of Business and Professions Code section 17200, et al. *Id*.  Plaintiff seeks no less than $300,000 in damages. *Id.*

4.      On or about September 30, 2020, Plaintiff served Defendant with the Summons and Complaint. (Petersen Decl. ¶ 4.)

5.      On or about October 27, 2020, Defendant filed its Answer to the operative complaint with the San Bernardino County Superior Court. A true and correct copy of the Answer is attached as **Exhibit B** to the Petersen Decl. filed concurrently herewith.

///

5.     Additionally, according to the online court docket, the court has set a Trial Setting Conference for March 3, 2021.  No further proceedings have been held in state court as of October 29, 2020.  (Petersen Decl. ¶ 6.)

6.     This removal is timely because it has been filed within thirty (30) days after Defendant was first served with a copy of Plaintiff's Summons and Complaint and, therefore, is filed within the time period mandated by 28 U.S.C. Section 1446(b).  As of the date of this Notice of Removal, the attached **Exhibits A and B** constitute all of the relevant pleadings and correspondence received or filed by Defendant in this matter. (Petersen Decl., ¶ 6.) The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means. *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).

## REMOVAL BASED ON DIVERSITY JURISDICTION

**Diversity of Citizenship**

7.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states.

8.     Defendant is informed and believes that Plaintiff is, and was, at all times relevant to this action, a citizen and resident of California. Furthermore, Plaintiff filed his Complaint in the State of California for the County of San Bernardino seeking the protections of the laws of this state. Plaintiff further states that "all the claims and causes of actions alleged herein occurred in the County of San Bernardino, State of California." Finally, Plaintiff was employed by Defendant for over three years and worked at Defendant's Ontario, California location. At the time Plaintiff's employment ended in December 2019, Plaintiff's residence address was a California address. (Declaration of Garth Warner, ("Warner Decl.") ¶4.)  Thus, Plaintiff should properly be construed a citizen of the State of California.

///

9.    A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

10.    Defendant, both at the time this action was commenced and at the time it was removed to federal court, is a citizen of South Carolina within the meaning of 28 U.S.C. § 1332(c)(1).  At all times, Defendant was a corporation formed under the laws of the State of Connecticut.  Its principal place of business and corporate headquarters are located in Greenville, South Carolina where Defendant coordinates and controls its corporate and business activities. (Warner Decl., ¶ 3.) *See Hertz Corp. v. Friend* (2010) 559 U.S. 77, 92-93 ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

11.    Applying this test, South Carolina is the state where Defendant's primary executive, administrative, financial, and management functions are conducted, and where its high level officers direct, control, and coordinate their activities, i.e., the principal place of business of Defendant. (Warner Decl., ¶ 3.)

12.    The presence of Doe defendants has no bearing on diversity with respect to removal.

13.    In sum, this is an action between Plaintiff, a California citizen, on the one hand, and Defendant, a citizen of South Carolina, on the other hand.  Thus, diversity jurisdiction exists.

**Amount in Controversy**

14.    Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000.00.  28 U.S.C. §1332(a).  The Complaint specifically states that Plaintiff seeks damages (excluding restitution, attorney's fees, costs, and interest) for "**no less than three hundred thousand dollars**." (**Exhibit A**, ¶¶ 58, 73, and Prayer for Relief (emphasis added).) This admittance by Plaintiff alone shows that the amount in controversy requirement is satisfied. Even so, a defendant need only establish by a

preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997). Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. See e.g., *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.").

15. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his or her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc., 281 F.3d 837, 843*, n.1, (9th Cir. 2002) (citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

16. The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. See, e.g., *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

17.   Furthermore, such fees are calculable beyond the time of removal. *Simmons*, supra, 209 F.Supp.2d at 1035.

18.   Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); see also *Aucina v. Amoco Oil Co*., 871 F.Supp. 332 (S.D. Iowa 1994).

19.   Here, Plaintiff seeks: 1) economic damages for past and future wage loss (**Exhibit A**, ¶¶ 45, 73, 84, 94, 105, 128, Prayer for Relief); 2) non-economic damages for emotional distress (**Exhibit A**, ¶¶ 46, 59, 74, 85, 87, 94, 105, Prayer for Relief); 3) punitive damages (**Exhibit A**, ¶¶ 57, 80, 88, 106, Prayer for Relief); 4) statutory penalties pursuant to Labor Code sections 204, 510, and 1194 (**Exhibit A**, ¶ 122);  5) Restitution (**Exhibit A**, ¶ 129 and Prayer for Relief); and 6) attorney's fees. (**Exhibit A**, ¶¶ 51, 81, 89, 96, 115, Prayer for Relief).

20.   Economic Damages: In connection with each of Plaintiff's causes of action Plaintiff alleges that he suffered and continues to suffer economic losses, including lost wages and benefits.  (**Exhibit A**, ¶¶ 45, 73, 84, 94, 105, 128, Prayer for Relief). The FEHA provides for an award to successful plaintiffs of back pay from the time of the unlawful adverse action until the date of judgment. *Salas v. Sierra Chemical Co*., 59 Cal.4th 407, 420 (2014); *Cloud v. Casey*, 76 Cal.App.4th 895, 909 (1999).

21.   Moreover, economic damages may also include an award of lost future earnings or "front pay," which is the salary and benefits a plaintiff would have earned from the terminated employment after the time of trial.  *Smith v. Brown-Forman Distillers Corp*., 196 Cal.App.3d 503, 518 (1983).  Front pay is generally measured by the employee's projected earnings and benefits over the period of time until he or he is likely to become reemployed, less mitigation. *Toscano v. Greene Music*, 124 Cal.App.4th 685, 695-97 (2004).   California decisions from the Fair Employment and Housing Commission provide for the recovery of future loss of earnings for one (1) or two (2) additional years.  *Dep't of Fair Employment and Housing v. Centennial Bancorp*, FEHA Precedent Decision No. 87-03 (1987).  Defendant has a reasonable good faith belief that

Plaintiff seeks damages for lost wages and front pay on his FEHA claim in excess of the jurisdictional requirement of $75,000.00, notwithstanding the fact that the Complaint does not specify the dollar amount of special damages being sought, for the following reasons:

22.    Defendant has a reasonable and good faith belief that Plaintiff seeks economic damages in excess of the jurisdictional requirement of $75,000, for the following reasons:

a.    Plaintiff admitted in his Complaint that he is seeking no less than $300,000 in economic damages.

b.    Plaintiff was employed by Progress Lighting, Inc., a wholly owned subsidiary of Defendant for three years and at the time of his resignation, Plaintiff made approximately $70,000.00 annually. (Warner Decl. ¶ 4.)

c.    From Plaintiff's resignation date of December 30, 2019 to the filing date of the Notice of Removal, Plaintiff's back pay alone is approximately $63,000.00

d.    Under a conservative estimate, any judgment in this case will likely be rendered no earlier than October 2021 and likely much later given the COVID-19 pandemic. Assuming Plaintiff takes this matter to trial set for exactly twelve (12) months from the date of this Notice of Removal, Plaintiff would accrue an additional year of back pay in the amount of $70,000.00.  Combined with Plaintiff's lost wages to date of $63,000.00 Plaintiff's total claim for back pay alone would amount to $133,000.00

e.    Assuming that Plaintiff also recovers front pay for six (6) months, or $35,000.00, in addition to back pay, the amount in controversy on economic damages alone is approximately $168,000.00 and will generously exceed the jurisdictional requirement, not including any emotional distress damages, attorney's fees, or punitive damages.

23.    Emotional Distress Damages: Plaintiff seeks damages for emotional and mental distress in an unspecified amount in connection with each of his causes of action. (**Exhibit A**, ¶¶ 46, 59, 74, 85, 87, 94, 105, Prayer for Relief.) In his Complaint, Plaintiff

claims that he "has suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses." *Id*. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the emotional damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum.  See, e.g. *Swinton v. Potomac Corp*., 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority*, 85 Cal.App.4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging retaliation).

24.    Punitive Damages: Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *Ponce v. Med. Eyeglass Ctr., Inc*., 2015 U.S. Dist. LEXIS 98517, at *11-12 (C.D. Cal. July 27, 2015) (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

25.    Attorney's Fees: Plaintiff also seeks to recover attorneys' fees in connection with his FEHA claims. (**Exhibit A**, ¶¶ 81, 89, 96, 115, Prayer for Relief). Attorneys' fees are recoverable to the prevailing party under FEHA.  Cal Gov't Code § 12965(b). Plaintiff's claims for attorneys' fees will likely exceed $75,000.00.  Defendant's lead attorney, Clarisse C. Petersen, has practiced employment litigation for over twelve (12) years in California, and is familiar with fees requested by Plaintiff's counsel in similar actions filed in California state and federal courts alleging FEHA violations and related claims.  (Petersen Decl., ¶ 7.)  Based on Plaintiff's allegations, it would not be unreasonable to expect that attorneys' fees will exceed the sum of $75,000.00 for Plaintiff through trial. *Id*.

26.    Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for

amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount should she prevail. *Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-87 (10th Cir. 1994).

27.    For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## VENUE

28.    Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1332(a) because the state action was filed in this District and this is the judicial district in which the action arose.

## NOTICE TO COURT AND PARTIES

29.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will filed with the Clerk of the Superior Court for the State of California, County of Orange.

30.    This Notice of Removal is signed by counsel for Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated:  October 30, 2020          JACKSON LEWIS P.C.

By: _____
Clarisse C. Petersen
Eric T. Angel
Attorneys for Defendant
HUBBELL LIGHTING, INC.

4843-8486-6255, v. 1

Case No.:    5:20-cv-2278          9          DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(b)